GIERKE, Judge, with whom EFFRON, Judge, joins
(concurring in part and in the result):
I agree with the majority on all issues except 1(A), concerning the necessity to provide rights warnings before a law enforcement agent may ask a suspect to take a polygraph examination.
Regardless of whether, as a general matter, such a request is reasonably likely to elicit an incriminating response, in this case it did not do so. Rather, all of Appellant’s incriminating statements were made only after Special Agent Kraus had informed Appellant of her rights pursuant to Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831 (2000), Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and United States v. Tempia, 16 C.M.A. 629, 37 C.M.R. 249 (1967), and after Appellant waived those rights.
Voluntariness is the touchstone for determining a subsequent statement’s admissibility even where the suspect has let the eat out of the bag in a previous unwarned but voluntary statement. See United States v. Lichtenhan, 40 M.J. 466 (C.M.A.1994). In this ease, Appellant made no incriminating statements before Special Agent Kraus gave her a complete rights warning and obtained a waiver of those rights. Because Special Agent Engelman’s request resulted in no taint, it did not affect the Appellant’s admissions to Special Agent Kraus. There is, therefore, no need to resolve issue 1(A). I reserve judgment on that legal issue.